AMIN TALATI WASSERMAN, LLP
Matthew R. Orr, Bar No. 211097
William P. Cole, Bar No. 186772
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:    (213) 933-2330
Fax:    (312) 884-7352
matt@amintalati.com
william@amintalati.com

Attorneys for Defendant Catalina Snacks, Inc.,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MAJAK, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CATALINA SNACKS INC., <br><br> Defendant. | Case No.:  2:21-cv-9445-SB-MAR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> Date: March 18, 2022 <br> Time: 8:30 a.m. <br> Place: Courtroom 6C |

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................. - 1 -

II.  PLAINTIFF'S ALLEGATIONS ............................................ - 1 -

III.  LEGAL STANDARDS ...................................................... - 4 -

IV.  ARGUMENT.................................................................... - 5 -

   A.  The Complaint States No Claim Because Plaintiff Does Not Plausibly Allege Deception. ......................................... - 5 -

      1.  Plaintiff fails to plausibly allege the label would lead reasonable consumers to believe the cereal contains cinnamon powder, as opposed to natural flavor extracted from cinnamon.................................................. - 7 -

      2.  Plaintiff's warranty claims fail for the same reasons as the CLRA, UCL, and FAL claims..................................... - 10 -

   B.  Plaintiff Fails to State Any Claims for Equitable Relief Because She Fails to Plead Facts Establishing Her Legal Remedies are Inadequate.................................................................... - 11 -

   C.  The Breach of Implied Warranty Claim Also Fails for Lack of Privity. .......................................................................... - 13 -

V.  CONCLUSION ................................................................. - 16 -

1

## <u>TABLE OF AUTHORITIES</u>

2

### Federal Cases

*Adams v. Cole Haan, LLC*. No. SACV 20-193 JVS, 2020 WL 5648605, at *3 (C.D. Cal. Sep. 03, 2020) .................................................................13

*Angiano v. Anheuser-Busch Inbev Worldwide, Inc.*. 532 F.Supp.3d 911 (C.D. Cal. 2021) .......................................................................................................14

*Ashcroft v. Iqbal*. 556 U.S. 662 (2009).............................................................4, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................4

*Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020)..............................................................................................8

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) ..................14

Cruz v. D.F. Stauffer Biscuit Co., Inc., --- F.Supp.3d ---, 2021 WL 5119395 (S.D.N.Y. 2021).....................................................................................9, 10

*Curry v. Fred Olsen Line*, 367 F.2d 921, (9th Cir. 1966) ..................................15

*Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235 (S.D.N.Y. 2021).............................................................................................................7

*Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-PLA, 2021 WL 2024860 (C.D. Cal. May 17, 2021)................................................................12, 13

*Duttweiler v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. 2015) ............................................13

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016)...........................................5

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) .........................................5

*Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945)...........................11

*Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 217833, at *2 (N.D. Cal. Mar. 24, 2021) ............................................................... 5, 6

*Hutchinson v. Deutsche Bank Sec. Inc.*, 647 F.3d 479 (2d Cir. 2011)................. 10

*In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020)........................................ 13

*Pichardo v. Only What You Need, Inc.*, No. 20-CV493 (VEC), 2020 WL 6323775, at *3 n.6 (S.D.N.Y. Oct. 27, 2020) ....................................... 7

*Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)................................................................ 11

*Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013) ..................................... 5, 6

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) .......... 11, 12, 13

*Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47(S.D.N.Y. 2020) 7, 8, 10

*Varela v. Walmart, Inc.*, No. CV 20-4448-GW-KSx, 2021 WL 2172827, at *4 (C.D. Cal. May 25, 2021) .......................................................... 6, 11

**State Cases**

*Bank of the West v. Sup. Ct. Industrial Indem. Co.,* 2 Cal.4th 1254 (1992)......... 11

*Chapman v. Skype*, 220 Cal.App.4th 217 (2013).................................. 5

*Goetten v. Owl Drug Co.*, 6 Cal.2d 683 (1936) ................................. 14

*Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295 (2011) ..................... 5, 6

*Klein v. Duchess Sandwich Co.*, 14 Cal.2d 272 (1939) ...................... 14

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) ............. 11

*Mexicali Rose v. Superior Court* 1 Cal.4th 617 (1992) .......................................15

*Mix v. Ingersoll Candy Co.*, 6 Cal.2d 674 (1936) ...............................................14

*Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870 (2017) ....................................6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ..............................................................................4

Cal. Bus. & Prof. Code § 17500 ........................................................................4, 11

Cal. Civ. Code § 1750 .............................................................................................4

Cal. Civ. Code § 1781 ...........................................................................................11

Cal. Civ. Code §1782 ...........................................................................................11

Cal. Com. Code § 2314(2)(f) ...............................................................................14

TABLE AUTHORITIES

## I.   INTRODUCTION

This is another "flavor" case of the type dismissed by courts dozens of times over the last two years. This time the product at issue is the "Cinnamon Toast" flavor of Defendant's Catalina Crunch Keto Friendly Cereal line (the "Product"). Plaintiff's theory is that the front label's reference to the Product's flavor— "Cinnamon Toast"—is a representation that the Product contains ground cinnamon. Plaintiff admits the Product tastes like cinnamon, that it is naturally flavored, and that its flavoring may in fact be derived naturally from cinnamon, but she nonetheless makes the implausible claim that the label is false or misleading. On behalf of a proposed class of California consumers, she brings false advertising and breach of warranty claims. For several reasons, she fails to state any claim.

First, Plaintiff fails to allege facts plausibly establishing that reasonable consumers would be misled. Courts have repeatedly held that reasonable consumers would understand that this type of reference to a product's flavor ("Cinnamon Toast") describes how the product tastes, not what it contains. Plaintiff admits the Product has a cinnamon flavor.

Second, Plaintiff cannot pursue claims for equitable relief under the statutory causes of action because she has failed to plead any facts establishing her legal remedies are inadequate.

Third, the implied warranty claim fails for lack of privity.

## II.   PLAINTIFF'S ALLEGATIONS

Defendant Catalina Snacks Inc. sells Catalina Crunch Keto Friendly Cereal in a variety of flavors, including, for example, Chocolate Peanut Butter, Fruity, Cinnamon Toast, and Dark Chocolate. (*See* Complaint, Doc. 1, ¶ 14; Def.'s Request for Judicial Notice; Decl. of William P. Cole, Ex. 1.) The Keto Friendly Cereals are zero sugar and low in carbohydrates.

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff alleges that, in July 2021, she purchased the Cinnamon Toast flavor of the Catalina Crunch Keto Friendly cereal (the "Product") from a Costco in Cypress, California. (Doc. 1, ¶ 9.) The front of the Product's packaging is depicted below:



(*Id.* ¶ 15.)

/ /

/ /

/ /

/ /

/ /

/ /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    Here is the backside of the Product's packaging, as set forth in the

2    Complaint, with an enlargement of the ingredient list:

3

4

5    

6

7    

8    **INGREDIENTS**

9    Catalina Flour (Pea Protein, Potato

10   Fiber, Non-GMO Corn Fiber, Chicory

11   Root Fiber, Guar Gum), Tapioca Flour,

12   Organic High Oleic Sunflower Oil,

13   Baking Powder, Natural Flavors, Sea

14   Salt, Calcium Carbonate, Stevia

15   Extract, Monk Fruit

16   (*Id.*)

17   Plaintiff alleges that the statement "Cinnamon Toast" and the images of

18   cinnamon powder and sticks on the front label lead reasonable consumers to

19   believe that the Product contains cinnamon as an ingredient. (Doc. 1, ¶ 9.) By

20   "cinnamon," Plaintiff apparently means whole ground cinnamon, as opposed to

21   oils, extracts or other flavoring components derived naturally from cinnamon. (*See*

22   *id.* ¶ 34.)

23   The Product's ingredient list states the Product includes "Natural Flavors."

24   (*Id.* ¶ 15.) Plaintiff does not allege that the Product contains any artificial flavors.

25   Plaintiff admits that the Product has a cinnamon flavor. (*Id.* ¶ 3.) She also

26   acknowledges the "Natural Flavors" in the product may be "derived from

27

28

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

cinnamon." (*Id.* ¶ 34.) She alleges no facts to the contrary.

Plaintiff alleges that, had she and other consumers "known that the Product does not contain cinnamon [i.e., ground cinnamon powder rather flavor components derived naturally from cinnamon], they would not have purchased the Product or would have paid significantly less for it." (Id. ¶ 4.) On behalf of herself and a proposed class of California consumers, she asserts the following claims: (1) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) violation of California's False Advertising Law ("FAL"), Cal Bus. & Prof. Code §§ 17500, et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) breach of express warranty; and (5) breach of implied warranty. She simultaneously seeks damages and equitable remedies. (Doc. 1, ¶ 5.)

## III.   LEGAL STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

- 4 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

IV.   **ARGUMENT**

   A.   **The Complaint States No Claim Because Plaintiff Does Not Plausibly Allege Deception.**

   The "reasonable consumer" standard governs Plaintiff's claims under the CLRA, UCL, and FAL. *Chapman v. Skype*, 220 Cal.App.4th 217, 230 (2013); *Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1304 (2011); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). To state a claim under the CLRA, UCL or FAL, Plaintiff must allege facts establishing that the challenged statements or other representations on the Product label are likely to deceive a reasonable consumer. *Chapman*, 220 Cal.App.4th at 226.

   "Likely to deceive implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* at 227. Instead, "the phase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*; *accord Hill*, 195 Cal.App.4th at 1301 (holding the standard is not a least sophisticated consumer, nor an unwary consumer, but rather the court looks to the ordinary, reasonable consumer within the larger population); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013) (deception must be probable, not just possible). A plaintiff's allegation that she was *personally* deceived is insufficient to show that a reasonable consumer is likely to be deceived. *Hill*, 195 Cal.App.4th at 1303-04. In fact, a plaintiff's allegation that a Product label is "deceptive" is "plainly . . . a legal conclusion that is not deemed true even on a motion to dismiss." *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 217833, at *2 (N.D. Cal. Mar.

- 5 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

24, 2021) (dismissing claims that soft serve ice cream described on menu boards as "Vanilla" or "Vanilla Cone" would mislead reasonable consumers to believe the ice cream was flavored by real vanilla).

At the pleading stage, courts dismiss CLRA, UCL and FAL claims "when the facts alleged fail as a matter of law to show such a likelihood [of deception]." *Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870, 877 (2017) (affirming sustaining of demurrer); *accord Hill*, 195 Cal.App.4th at 1301 (affirming sustaining of demurrer). "[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Shaker*, 2013 6729802, at *3 (quotation and citation omitted). "[T]here has been an ever-increasing number of cases in which a motion to dismiss was found to be appropriately granted where the issue was whether a product label would be deceptive or misleading to a reasonable consumer." *Varela v. Walmart, Inc.*, No. CV 20-4448-GW-KSx, 2021 WL 2172827, at *4 (C.D. Cal. May 25, 2021). Furthermore, "considering a motion to dismiss to determine whether allegations amount to a 'plausible' claim is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Id.* (quoting *Iqbal*, 556 U.S. at 669).

Here, Plaintiff's theory of deception is that the words "Cinnamon Toast" and an image of cinnamon would lead reasonable consumers to believe the cereal specifically contains cinnamon powder, as opposed to cinnamon oils, cinnamon extracts or other natural flavoring components obtained from cinnamon. Before turning to the defects in Plaintiff's claims, Defendant notes that much of the Complaint is devoted to Plaintiff's arguments about FDA regulations, including numerous references to Chapter 21 of the Code of Federal Regulations. But Plaintiff's "claims regarding FDA regulations are not relevant to determining

- 6 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

whether a label is deceptive or misleading" to reasonable consumers. *Pichardo v. Only What You Need, Inc.*, No. 20-CV493 (VEC), 2020 WL 6323775, at *3 n.6 (S.D.N.Y. Oct. 27, 2020) (granting motion to dismiss); *accord Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47, 50 (S.D.N.Y. 2020) (granting motion to dismiss, and observing that "[t]he point here is not conformity with this or that standard (which is left to authorities to regulate) but whether the marketing presentation was deceptive"); *Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235, 243 (S.D.N.Y. 2021) ("Plaintiffs' citation to various federal regulations do not establish that a reasonable consumer is likely to be misled by the words 'vanilla bean ice cream' on the Product's front label.").

### 1. Plaintiff fails to plausibly allege the label would lead reasonable consumers to believe the cereal contains cinnamon powder, as opposed to natural flavor extracted from cinnamon.

It is undisputed that the cereal has a cinnamon flavor. There is no allegation the cinnamon flavor is not natural. The Complaint acknowledges the cinnamon flavor may, in fact, *come from the cinnamon plant* (and there is no factual allegation that it does not). As has been recognized by courts in similar cases involving other common natural flavors, reasonable consumers would understand "cinnamon toast" to refer to a *flavor*, not an ingredient.

*Steele*, 472 F.Supp.3d 47, is on point. In *Steele*, the plaintiffs alleged they were deceived by Wegmans Vanilla Ice Cream package to believe the ice cream "got its vanilla flavor from vanilla beans or vanilla bean extract, when in fact the ice cream got most of its vanilla flavor from some non-vanilla source." *Id.* at 49. The district court granted a motion to dismiss without leave to amend, holding that, as a matter of law, the Wegmans packaging was not deceptive. The court explained:

- 7 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Although they are processed almost simultaneously by the buyer, to analyze the total effect of the messages on the container it is useful to consider them in sequence. The buyer's first desire is for ice cream, and when he is in the frozen food area he must select, from many choices (chocolate, lemon, mint, lime, etc.) the one he wants. Thus the large-type "Vanilla" is of immediate use. Of course he is not looking for a bowl of vanilla, and the next largest words confirm that the container holds ice cream. Those who prefer natural ingredients will note that it has natural vanilla flavor, and no artificial flavors. Evidently there are various natural substances which have a vanilla flavor. Those interested in the actual ingredients can read the list, which mentions neither vanilla beans nor extracts, but they will not learn the components, amounts or proportions of the Natural Flavor.

That is where the container's disclosures start, and where they stop. Where is the deception? What is misleading, or misrepresented?

*Id.* at 50. Finding no deception, the court dismissed the complaint. *Id.* at 51.

Similarly, in *Cosgrove v. Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020), the plaintiffs alleged that almond milk labeled "Vanilla" was misleading because the product was not flavored by "authentic vanilla" but instead derived its flavor from vanillin, a naturally occurring substance obtained from tree bark which simulates vanilla flavor. *Id.* at *1. The court dismissed the complaint, finding reasonable consumers would understand the almond milk's reference to "Vanilla" "to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient." *Id.* at *3. The court explained:

That association, of "Vanilla" as a flavor and not an ingredient, is borne out by consumers' practical use of the representation. For example, here, the consumer in the grocery store is looking, first and foremost, for almond milk—not vanilla. The large font "Vanilla" on the front of the Product allows the consumer to quickly understand the flavor of the almond milk and differentiate between products. . . .

- 8 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

> The Product makes no additional representation about how that flavor is achieved. Thus, without more, the "Vanilla" representation would be misleading only if the Product did not actually taste like vanilla, but Plaintiffs concede it does. Accordingly, use of the "Vanilla" representation on the Product is not misleading.

*Id.* (citations omitted).

*Cruz v. D.F. Stauffer Biscuit Co., Inc.*, --- F.Supp.3d ---, 2021 WL 5119395 (S.D.N.Y. 2021), also is instructive. There, the product at issue was Stauffer's Lemon Snap Cookies. *Id.* at *1. The package's front label stated "LEMON SNAPS" and included an image of three lemons (two whole and one cut in half). *Id.* The plaintiffs alleged the labeling was false and misleading because it would supposedly lead reasonable consumers to believe the lemon taste was from "natural lemons" rather than from other "Natural and Artificial Flavors." Id. at *1-2. The plaintiffs "point[ed] to the image of lemons on the packaging as creating a dispositive impression that the Product contains predominantly real lemons." Id. at *5. The court dismissed the complaint, finding the plaintiffs had "failed to plausibly allege that a reasonable consumer is likely to be misled by the Product's packaging." Id. at *6. The court noted the plaintiffs' allegations that "reasonable consumers would 'expect [the Product] to be flavored exclusively' or predominantly with real lemons are 'conclusory statements that the Court is not required to accept.' " Id. (citation omitted). "Plaintiffs do not allege that the Product does not taste like lemons, and therefore a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is not misled." Id.

The same applies here. Plaintiffs fail to plausibly allege that reasonable consumers—who buy a *breakfast cereal* called "cinnamon toast"—would believe "cinnamon toast" refers to an ingredient, as opposed to a flavor. The buyer's desire is for cereal, and he or she must select a flavor variety—e.g., Chocolate Peanut

- 9 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Butter, Fruity, Cinnamon Toast, or Dark Chocolate, etc.. Thus, the front label statement "Cinnamon Toast" is of immediate use. Of course, the buyer is not looking for a piece (or loaf) of toasted cinnamon bread, so the front-label statements "Keto Friendly Cereal", "0G SUGAR" and "11G PROTEIN" confirm the package contains a keto-conscious breakfast cereal. Just as in *Steele, Cosgrove*, and *Cruz*, there is nothing deceptive. The message communicated is that the package contains a breakfast cereal with a cinnamon-toast taste. This is not complicated. And Plaintiff makes no allegation that the cereal fails to have a cinnamon-toast taste. To the contrary, she admits the Product has a cinnamon flavor. "Where is the deception? What is misleading, or misrepresented?" *Steele*, 472 F.Supp.3d at 50. Nothing.

Accordingly, Plaintiff's CLRA, FAL and UCL claims fail to state a claim. As no amendment to the Complaint can change the Product label, the Court should dismiss the claims without leave to amend. *See Hutchinson v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011) (court may dismiss without leave to amend when amendment would be futile).

## 2. Plaintiff's warranty claims fail for the same reasons as the CLRA, UCL, and FAL claims.

Plaintiff's breach of express warranty and breach of implied warranty claims are based on the same Product label and the same implausible theory of misrepresentation. For the reasons already explained, Plaintiff's fail to plausibly allege a misrepresentation. Therefore, the warranty causes of action also fail to state a claim. *See Cruz*, --- F.Supp.3d ---, 2021 WL 5119395, at *7 (where plaintiffs failed to plausibly allege the product label was false or misleading under the consumer protection statutes, and where the warranty claims were based on the same allegations about the same product label, the warranty claims also "fail as a

- 10 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

matter of law"); *Varela*, 2021 WL 2172827, at *9 (as "Plaintiff has not pled any plausible claims based on misrepresentations under the applicable consumer protection laws . . . [h]er warranty causes of action, which are based on the same 'Vitamin E Skin Oil' label, fail for the same reasons").

## B. Plaintiff Fails to State Any Claims for Equitable Relief Because She Fails to Plead Facts Establishing Her Legal Remedies are Inadequate.

While the CLRA, UCL and FAL claims fail in total for the reasons previously discussed, they also suffer from another defect: Plaintiff cannot pursue claims for equitable relief under those statutes because she has failed to plead any facts establishing her legal remedies are inadequate.

UCL and FAL claims are equitable claims providing for equitable relief only. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) (the UCL and FAL provide a private party with only two potential remedies: an injunction and restitution); *Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254, 1266 (1992) (neither actual nor compensatory damages may be awarded under the UCL). Plaintiff's CLRA claim provides both legal remedies (money damages) and equitable remedies. Cal. Civ. Code §§ 1781, 1782.

Before a party can avail herself of a federal court's equitable jurisdiction, she must demonstrate that she lacks an adequate remedy at law. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842-44 (9th Cir. 2020). This is true even where a plaintiff attempts to plead equitable relief in the alternative. *Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011). "Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable." *Id.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In *Sonner*, another food-labeling class action, the court held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d at 843-44. There, the plaintiff brought claims for restitution under the UCL and CLRA, as well as a claim for money damages under the CLRA. *Id.* at 838. The plaintiff subsequently dropped her claim for damages under the CLRA, but attempted to continue to pursue her claims for restitution under the CLRA and UCL. *Id.* The court dismissed the claims for restitution because plaintiff had an adequate legal remedy—namely, the CLRA damages claim that she had voluntarily decided to drop. The Ninth Circuit affirmed, holding the plaintiff had failed to show how an award of damages under the CLRA would be inadequate in any way compared to restitution. *Id.* at 844.

Similarly, in *Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-PLA, 2021 WL 2024860 (C.D. Cal. May 17, 2021), the Court granted a motion to dismiss equitable claims for restitution and injunctive relief under the UCL and CLRA where the plaintiffs failed to plead facts showing their legal claims would not provide an adequate remedy. *Id.* at *6. The Court rejected the plaintiffs' notion that *Sonner* did not apply at the pleading stage. *Id.* at *7. Because the complaint did not contain "any substantive allegations that they lack an adequate legal remedy[,]" the equitable claims failed as a matter of law. *Id.*

The same applies here. Plaintiff seeks to recover damages under the CLRA and warranty claims. (Doc. 1, ¶¶ 5, 73-74, 104, 112.) The CLRA and warranty claims for damages are based on the same alleged conduct as the equitable claims for restitution and injunctive relief—namely, Plaintiff's allegations that Defendant misrepresented the Product contains cinnamon and, had she known, Plaintiff either would not have purchased the Product or would have only been willing to pay less

- 12 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

for it. (*Id.* ¶¶ 70, 103, 112.) Plaintiff does not plead any facts which, if true, would show that an award of damages would not be an adequate remedy. *See Sonner*, 971 F.3d at 845; *Duttweiler v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. 2015) ("Duttweiler seeks damages under the CLRA for the exact same conduct that forms the basis of his UCL and FAL claims. Accordingly, in order to demonstrate some entitlement to equitable relief, Duttweiler was required to allege facts suggesting that damages under the CLRA alone would not provide adequate relief.").

Plaintiff's failure to plead facts demonstrating she lacks an adequate legal remedy forecloses her claims not only for restitution, but also for injunctive relief. *See, e.g., Drake*, 2021 WL 2024860, at *7 (rejecting argument that *Sonner* does not apply to claims for injunctive relief); *Adams v. Cole Haan, LLC*, No. SACV 20-193 JVS, 2020 WL 5648605, at *3 (C.D. Cal. Sep. 03, 2020) (dismissing claim for injunctive relief under the UCL, FAL, and CLRA in a false advertising case, observing, "the injury that Adams alleges is 'lost money,' a form of harm for which legal damages does seem to be an adequate remedy"); *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (dismissing claim for injunctive relief, explaining: "Because Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury."). Therefore, the Court should dismiss Plaintiff's claims for equitable relief under the UCL, FAL, and CLRA.

## C.   The Breach of Implied Warranty Claim Also Fails for Lack of Privity.

The breach of implied warranty claim also fails for another independent reason. There is no privity between Plaintiff and Defendant.

- 13 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff does not allege that the Product is unfit for human consumption. Instead, her breach of implied warranty claim is based solely on the theory that the Product does not "[c]onform to the promises or affirmations of fact made on the container or label if any." (Doc. 1, ¶ 108 [citing Cal. Com. Code § 2314(2)(f)].) Under California law, however, an action for breach of an implied warranty requires that the plaintiff be in vertical privity with the defendant. *Angiano v. Anheuser-Busch Inbev Worldwide, Inc.*, 532 F.Supp.3d 911, 920 (C.D. Cal. 2021). A buyer and a seller stand in privity if they are in adjoining links in the distribution chain; "an end consumer . . . who buys from a retailer is not in privity with a manufacturer." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).

Here, Plaintiff does not, and cannot, plead vertical privity. She alleges that she purchased the Product from Costco, not from the Defendant. (Doc. 1, ¶ 9.) "[W]hile the exception to vertical privity based on written labels or advertisements of a manufacturer can apply to breach of <u>express</u> warranty claims, this same exception does not apply to breach of <u>implied</u> warranty claims." *Angiano*, 532 F.Supp.3d at 920 (emphasis in original).

Furthermore, the fact the Complaint does *not* plead the product is unfit for human consumption rules out the "foodstuffs" exception to the privity requirement, mentioned briefly in *Clemens*. 534 F.3d at 1023. The foodstuffs exception arose from early cases imposing on restaurants an implied warrant that their food is fit for human consumption. *See, e.g., Mix v. Ingersoll Candy Co.*, 6 Cal.2d 674, 680 (1936); *Goetten v. Owl Drug Co.*, 6 Cal.2d 683, 686-87 (1936). The exception was subsequently extended to food distributed through wholesalers. *Klein v. Duchess Sandwich Co.*, 14 Cal.2d 272, 284 (1939) ("the warranty extended to *every consumer* is that the food is fit for the purpose for which it was intended, namely,

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

for human consumption") (emphasis in original).

In *Mexicali Rose v. Superior Court*, Justice Mosk explained that the "implied warranty" with respect to foodstuffs is different from other implied warranties:

> It was recognized early on that the warranty of fitness of food was not a matter of contract terms, but was instead a rule of liability imposed as a matter of public policy. It was based on a "distinct implied warranty peculiar to sales of food, although the obligation existed long before implied warranties were recognized. This implied warranty was not based on any reliance by the buyer upon the representations of the seller, or upon his skill and judgment, but was grounded squarely upon the public policy of protecting the public health . . . . While a right of action in such a case is said to spring from a 'warranty' it should be noted that the warranty here referred to is not the more modern contractual warranty, but is an obligation imposed by law to protect public health."

1 Cal.4th 617, 636 (1992) (Mosk, J., dissenting) (citation omitted). The reason for a "foodstuffs exception" to privity in the case of food unfit for human consumption is that "the so-called breach of warranty of fitness of food is really a tort, for which a species of strict liability is imposed." *Curry v. Fred Olsen Line*, 367 F.2d 921, 927 n.27 (9h Cir. 1966).

Where, as here, the food or beverage is not alleged to be unfit for human consumption, the so-called "foodstuffs exception" to privity is inapposite and does not apply. As Plaintiff admits she is not in privity with Defendant, her implied warranty claim fails as a matter of law.

/ / /

/ / /

/ / /

- 15 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## V.  CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.


Dated:  January 17, 2022          AMIN TALATI WASSERMAN, LLP
                                  Matthew R. Orr
                                  William P. Cole


                                  /s/ *William P. Cole*
                                  William P. Cole
                                  Attorneys for Defendant Catalina Snacks, Inc.

- 16 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

(United States District Court)

I hereby certify that on the 17th day of January, 2022, I caused the electronic filing of the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT,** through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, if any.

.

/s/ *William P. Cole*
William P. Cole

**SERVICE LIST**

**FARUQI & FARUQI, LLP**                    Attorneys for
Benjamin Heikali (State Bar No. 307466)
Email: *bheikali@faruqilaw.com*            Plaintiff Melissa Majak
Ruhandy Glezakos (SBN 307473)
Email: *rglezakos@faruqilaw.com*
Joshua Nassir (State Bar No. 318344)
Email: *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885