**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
Email:  *bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email:  *rglezakos@faruqilaw.com*
Joshua Nassir (SBN 318344)
Email:  *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Attorneys for Plaintiff Melissa Majak*

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MAJAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALINA SNACKS INC.,<br><br>Defendant. | Case No. 2:21-cv-09445-SB (MARx)<br><br>[Hon. Judge Stanley Blumenfeld, Jr.]<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br><br>Date: March 18, 2022<br>Time: 8:30 a.m.<br>Dept: Courtroom 6C |

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. STATEMENT OF FACTS..................................................................................1

III. LEGAL STANDARD ........................................................................................3

IV. ARGUMENT .....................................................................................................3

    A. The Reasonable Consumer Standard Applies to Plaintiff's Consumer Protection Claims ...................................................................................3

    B. Reasonable Consumers Are Likely to Be Misled by The Product's Cinnamon Representations ....................................................................4

    C. The Cinnamon Representations Lead Reasonable Consumers to Believe that the Product Contains Cinnamon—Not Natural Flavors .......5

    D. Plaintiff Has Adequately Alleged Her Warranty Claims Based on The Product's Cinnamon Representations .....................................................8

    E. Plaintiff Has Adequately Alleged Her Claims for Equitable Relief .........9

    F. Plaintiff's Implied Warranty Claims Survives........................................11

V. CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*Adams v. Cole Haan, LLC*,
  No. 8:20-CV-00913-JWH-DFMx,
  2021 WL 4907248 (C.D. Cal. Mar. 1, 2021) ........................................................9

*Ashton v. J.M. Smucker Co.*,
  No. EDCV 20-992 .....................................................................................10, 11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................3

*Bland v. Sequel Nat. Ltd.*,
  No. 18-cv-04767-RS, 2019 WL 4674337 (N.D. Cal. Aug. 2, 2019) .................12

*Budhani v. Monster Energy Co.*,
  527 F. Supp. 3d 667 (S.D.N.Y. 2021) ..................................................................7

*Cabrera v. Bayer Healthcare, LLC*,
  No. LA CV17-08525 ....................................................................................11, 12

*Cooper v. Anheuser-Busch, LLC*,
  No. 20-CV-7451 (KMK),
  2021 WL 3501203 (S.D.N.Y. Aug. 9, 2021) ...................................................4, 8

*Corbett v. PharmaCare U.S., Inc.*,
  No. 21CV137-GPC(AGS),
  2021 WL 4866124 (S.D. Cal. Oct. 19, 2021).....................................................13

*Cosgrove v. Blue Diamond Growers*,
  No. 19 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020)................7

*Cruz v. D.F. Stauffer Biscuit Co.*,
  No. 20-CV-2402 (PGG) (JLC),
  2021 WL 5119395 (S.D.N.Y. Nov. 4, 2021) .......................................................7

*David v. Baker*,
  129 F. App'x 358 (9th. Cir. 2005).......................................................................3

PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*de Dios Rodriguez v. Ole Mexican Foods Inc.*,
   No. EDCV 20-2324 JGB (SPx),
   2021 WL 1731604 (C.D. Cal. Apr. 22, 2021) ....................................................... 5

*Drake v. Toyota Motor Corp.*,
   No. 2:20-cv-01421-SB-PLA,
   2021 WL 2024860 (C.D. Cal. May 17, 2021) ....................................................... 9

*Edleson v. Travel Insured Int'll, Inc.*,
   No. 21-CV-323-WQH-AGS,
   2021 WL 4334075 (S.D. Cal. Sept. 23, 2021) ....................................................... 9

*Ehret v. Uber Techs., Inc.*,
   68 F. Supp. 3d 1121 (N.D. Cal. 2014) .................................................................. 3

*Fitzhenry-Russell v. Coca-Cola Co.*,
   No: 17-cv-00603-EJD, 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017) ........... 6, 8

*Henderson v. Gruma Corp.*,
   No. CV 10-04173 AHM,
   2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ....................................................... 5

*Heredia v. Sunrise Senior Living LLC*,
   No. 8:18-cv-01974-JLS-JDE,
   2021 WL 819159 (C.D. Cal. Feb. 10, 2021) ....................................................... 11

*McCrary v. Elations Co.*,
   No. EDCV 13–0242 JGB (OPx),
   2013 WL 6402217 (C.D. Cal. Apr. 24, 2013) ....................................................... 4

*McKinniss v. Gen. Mills, Inc.*,
   No. CV 07-2521 GAF, 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ............... 7

*Morley v. Walker*,
   175 F.3d 756 (9th Cir. 1999) ................................................................................. 3

*Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*,
   768 F.3d 938 (9th Cir. 2014) ................................................................................. 3

*Ruiz v. Celsius Holdings, Inc.*,
   No. 3:21-cv-00128-GPC-KSC,
   2021 WL 5811264 (S.D. Cal. July 28, 2021) ....................................................... 4

iii

*Saidian v. Krispy Kreme Doughnut Corp.*,
   No. 2:16-cv-08338-SVW,
   2017 WL 945083 (C.D. Cal. Feb. 27, 2017) ...................................................... 4

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .......................................................................... 11

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .......................................................................... 8

*Steele v. Wegmans Food Mkts., Inc.*,
   472 F. Supp. 3d 47 (S.D.N.Y. 2020) ................................................................ 6

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ................................................................... 3, 4, 5

*Zakaria v. Gerber Prod. Co.*,
   No. LA CV15-00200 JAK EX,
   2015 WL 3827654 (C.D. Cal. June 18, 2015) ............................................ 11, 12

*Zeiger v. WellPet LLC*,
   No. 3:17-cv-04056- WHO,
   2021 WL 756109 (N.D. Cal. Feb. 26, 2021) .................................................. 10

**Other Authorities**

Fed. R. Civ. P. 8(d)(2) ............................................................................................ 9

## I. INTRODUCTION

This is a straightforward false advertising case alleging that Defendant misleads reasonable consumers into believing that its Catalina Crunch® Cinnamon Toast cereal contains cinnamon, when in fact, it does not. In response, Defendant has filed a Motion to Dismiss ("Motion" or "Mot."), primarily arguing that reasonable consumers would understand that the cinnamon representations on the Product simply indicate that the Product is designed to taste like cinnamon, not that it actually contains cinnamon. But Defendant's attempt to offer an alternative interpretation of the Product's label is unavailing, and if anything, it is more than reasonable for consumers to believe that the Product tastes like cinnamon *and* actually has cinnamon. This is particularly true for a Product like this one, which is marketed as a healthy snack, making it reasonable for consumers to expect it contains functional ingredients like cinnamon. In fact, Plaintiff's complaint puts forth market research illuminating the rising consumer demand for products that contain cinnamon because cinnamon not only helps to flavor a product, but also contains health boosting properties. Clearly, Defendant understands that consumers have this expectation. If Defendant truly sought to be transparent in its labeling, it could have easily included the phrase "cinnamon flavored," on the front label of the Product—which it is actually required to do under the U.S. Food and Drug Administration's ("FDA") rules and regulations. In any event, the relevant question of whether a reasonable consumer is likely to be deceived by Defendant's current labeling is one for the trier of fact, and therefore not appropriate for resolution on a motion to dismiss.

For these reasons, and as further discussed below, Defendant's Motion should be denied in its entirety.

## II. STATEMENT OF FACTS

Plaintiff Melissa Majak ("Plaintiff") alleges that Defendant Catalina Snacks Inc. ("Defendant") uses false and deceptive images and phrases on the front label of its

-1-

Catalina Crunch® Cinnamon Toast cereal product (the "Product"), to mislead reasonable consumers into believing that the Product contains cinnamon, when in fact, it does not. ECF No. 1, Class Action Complaint ("Compl.") ¶¶ 1-3. The false and misleading representations include the name of the Product "Cinnamon Toast"—and the prominent display of cinnamon powder and cinnamon sticks on the Product's front label (collectively, the "Cinnamon Representations"). *Id.*

Despite being labeled and characterized as a cereal that contains cinnamon, the Product lacks this key ingredient. *Id.* ¶ 16. Instead, it is flavored by an ingredient described vaguely by Defendant as "Natural Flavors," which are lab synthesized ingredients. *Id.* Under 21 C.F.R. §101.22 (i)(1)(i), because the Product does not contain its characterizing ingredient (i.e., cinnamon), that fact must be indicated on the principal display panel of the Product, in order to properly inform consumers that it does not contain cinnamon, but instead contains Natural Flavors.[1] *Id.* ¶ 34. Specifically, assuming that the "Natural Flavors" in the Product are derived from cinnamon (which would need to be verified in discovery), the front label must indicate that it is "Cinnamon Flavored" or "Natural Cinnamon Flavored." Despite this clear requirement under federal regulations, Defendant did not include either of these phrases on the front label of the Product.

Plaintiff saw and relied on the Cinnamon Representations in purchasing the Product. *Id.* ¶ 9. Based on the totality of the representations, Plaintiff and other consumers reasonably believed the Product contained cinnamon. *Id.* ¶ 2. Had Plaintiff and other consumers known that the Product did not contain cinnamon, they would not have purchased the Product, or would have paid significantly less for it. *Id.* ¶ 4. As a result, Plaintiff and other consumers have been deceived and suffered economic

---

[1] To be clear, Plaintiff is not bringing claims under the FDCA, or seeking to enforce 21 C.F.R. § 101.22 (i)(1)(i). Plaintiff is providing the requirements of this regulation as support that even the FDA would find that consumers can be misled by a product like this one, that has strong cinnamon representations on the front label, but does not in fact contain its characterizing ingredient—cinnamon.

-2-

harm. *Id.*

## III. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), it is the defendant's burden to show that plaintiff cannot state a claim for relief. *David v. Baker*, 129 F. App'x 358, 360 (9th. Cir. 2005). The court "must accept as true" all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). To survive a motion to dismiss, the plaintiff must only allege enough facts to "raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that plaintiff can prove no set of facts that would entitle it to relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV. ARGUMENT

### A. The Reasonable Consumer Standard Applies to Plaintiff's Consumer Protection Claims

California's consumer protection statutes, the UCL, CLRA, and FAL, all prohibit false, misleading, or unfair conduct in trade or commerce. Courts apply the "reasonable consumer" standard to determine whether a representation is false or misleading under each of California's false advertising laws. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under that standard, at trial, a plaintiff must only show that consumers are likely to be deceived by the representation. *Id*. A reasonable consumer is "neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is the ordinary consumer within the target population." *Ehret v. Uber Techs., Inc*., 68 F. Supp. 3d 1121, 1137 (N.D. Cal. 2014) (internal quotation marks omitted).

Whether a representation is likely to deceive a consumer is almost always a question of fact, not appropriate for resolution on a motion to dismiss. *Williams*, 552 F.3d at 938-39. As such, dismissal of false advertising claims is proper only in a "***rare***

-3-

*situation*," where "it [is] *impossible* for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id*. at 939 (emphasis added); *McCrary v. Elations Co.,* No. EDCV 13–0242 JGB (OPx), 2013 WL 6402217, at *6 (C.D. Cal. Apr. 24, 2013) (denying motion to dismiss on grounds that defendant's "advertising claim[] [did] not make it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived") (internal quotation marks omitted).

### B. Reasonable Consumers Are Likely to Be Misled by The Product's Cinnamon Representations

This is not one of the "rare situation[s]" where dismissal on the pleadings is appropriate, nor is deception "impossible" here. *Williams*, 552 F.3d at 939. Indeed, it is more than plausible for consumers to believe that a Product called "Cinnamon Toast" –that also displays images of cinnamon powder and cinnamon sticks—contains cinnamon. In fact, similar allegations were found to be plausible in *Williams*. There, the Ninth Circuit held that reasonable consumers could be misled because the product "is called 'fruit juice snacks' and the packaging pictures a number of different fruits, potentially suggesting (falsely) that those fruits or their juices are contained in the product." *Id*. Under similar facts, several other courts have come to the same conclusion. *See Ruiz v. Celsius Holdings, Inc.*, No. 3:21-cv-00128-GPC-KSC, 2021 WL 5811264, at *6 (S.D. Cal. July 28, 2021) (". . . Plaintiffs maintain here that the front of the packaging includes a name and picture of fruit, which plausibly suggests that a reasonable consumer may be deceived into thinking the beverage contains fruit."); *Cooper v. Anheuser-Busch, LLC*, No. 20-CV-7451 (KMK), 2021 WL 3501203, at *6 (S.D.N.Y. Aug. 9, 2021) ("The imagery used on the Products' packaging does little to dispel such misconceptions. If anything, the image of a margarita and the symbols of wine glasses and Collins cocktail glasses, could arguably reinforce a consumer's impression that the beverages inside were actually cocktails."); *Saidian v. Krispy Kreme Doughnut Corp.*, No. 2:16-cv-08338-SVW (AFMx), 2017 WL 945083, at *3 (C.D. Cal. Feb. 27, 2017) ("It is plausible that Plaintiff will be able

to show that reasonable consumers believe that "Raspberry-Filled" doughnuts are filled with raspberries, "Maple Iced Glazed" and "Maple Bar" doughnuts contain maple syrup or maple sugar, and "Glazed Blueberry Cake" doughnuts contain actual blueberries."); *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011) (reasonable consumer could believe that a product marketed as "Guacamole Flavored Dip" and displayed pictures of avocadoes contained avocado).

Thus, Plaintiff's allegations more than satisfy the reasonable consumer standard. And because a motion to dismiss should only be granted if it is "impossible" for Plaintiff to demonstrate that the Cinnamon Representations could plausibly deceive reasonable consumers, Plaintiff should be permitted to proceed with her claims. *See de Dios Rodriguez v. Ole Mexican Foods Inc.,* No. EDCV 20-2324 JGB (SPx), 2021 WL 1731604, at *3 (C.D. Cal. Apr. 22, 2021); *see also Williams*, 552 F.3d at 939.

### C. The Cinnamon Representations Lead Reasonable Consumers to Believe that the Product Contains Cinnamon—Not Natural Flavors

There is no question that the Product fails to contain cinnamon. Compl. ¶15. Yet Defendant repeatedly seeks to muddy the waters by stating that there is no allegation that the Natural Flavors in the Product are not natural, and that the Natural Flavors in the Product *may* actually come from the cinnamon plant. Mot. at 7.

This fails to recognize Plaintiff's fundamental claim—that cinnamon and Natural Flavors are not the same, and that reasonable consumers would expect the Product to contain actual cinnamon based on the name of the Product ("Cinnamon Toast") and the cinnamon powder and cinnamon sticks on the Product's front label. As aptly noted by the court in *Fitzhenry-Russell v. Coca-Cola Co.*:

> While it may be that ginger root is used in the creation of the natural flavor, it is not ginger as a reasonable consumer would understand it. Rather the scientists that created the 'natural flavor' added to the Product would have isolated proteins from the cells and tissue of the ginger root or extracted oils or essences from the ginger root. But because those

-5-
PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

> isolated compounds may not actually taste like ginger, the scientist would have then combined those extractions with any number of other extractions from other plants and animals to create a flavoring substance that tastes like ginger.

*Fitzhenry-Russell*, No: 17-cv-00603-EJD, 2017 WL 4680073, at *3 (N.D. Cal. Oct. 18, 2017).

The same is true here. Reasonable consumers would expect the Product to contain cinnamon—not a highly processed "Natural Flavor." This is particularly true for a Product like the one at issue in this case. It is clearly marketed as being a healthy snack, and thus, it is more than reasonable for consumers to expect it contains a functional ingredient like cinnamon, which not only serves to flavor products, but also promotes good health as an antioxidant that fights against free radicals and damage to cells, and helps manage blood sugar and cholesterol levels. Compl. ¶¶ 18-20. Indeed, several of Defendant's competitors do in fact include actual cinnamon in their cereals (e.g., General Mills' "Cinnamon Toast Crunch"), and those products get nowhere close to the "healthy" halo that Defendant creates in the marketing of the Product. *Id*. ¶¶ 29-30.

Still, Defendant contends that consumers would understand that the Cinnamon Representations refer to only the Product's flavor, and not its ingredients. Mot. at 7. In support, Defendant relies on *Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47 (S.D.N.Y. 2020), a case where plaintiffs alleged that they were deceived into believing that the vanilla flavor in the ice cream they bought was derived predominantly from vanilla beans or vanilla bean extract. *Id*. at 49. This case is inapposite because it was based on a single representation—the word "Vanilla"—and plaintiffs conceded that the product ***did in fact contain some vanilla***. *Id*. at 50. If more were needed, the product's front label clearly stated "natural vanilla flavor," which is an indicator to consumers that vanilla is not an ingredient in the product but has been used to create a natural vanilla flavor to simply flavor the product. *See id*.

-6-
PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   Here, Plaintiff is not relying on a single representation (i.e., the word cinnamon), but also on the cinnamon images prominently displayed on the front label of the Product. *See Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 679 (S.D.N.Y. 2021) ("[U]nlike in the vanilla cases cited above where courts have dismissed claims on the pleadings, Defendant does not use the mere unadorned word "vanilla" without any accompanying language or message. Rather, it uses the image of a vanilla flower. The flower is conveyed prominently, next to the image of a coffee bean, and alongside the use of the word "vanilla.""). Furthermore, Plaintiff is not alleging that the Product's Natural Flavors should be derived predominantly from cinnamon, but instead, that the Product purports to *have* cinnamon as an ingredient, which it does not. Thus, Plaintiff has not conceded that the Product contains cinnamon, and Defendant has offered no evidence that it does. Lastly, nowhere on the front label of the Product does it state "Natural Cinnamon Flavor" or "Cinnamon Flavored" cereal. This is a key distinction from the product in *Steele* because Plaintiff alleges that Defendant is required by the FDA to make such a disclosure on the front label, which indicates to consumers that a product does not contain its characterizing ingredient (i.e., cinnamon). Compl. ¶¶ 32-34. Defendant does not deny that it is in violation of the FDA's regulations, and if it truly sought to convey to consumers that the Product was simply cinnamon "flavored," it would have included the legally required disclosure.[2] *See McKinniss v. Gen. Mills, Inc.*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) ("[T]he words 'Natural Fruit Flavors' indicate the product's 'characterizing

---

[2] For the same reasons, Defendant's reliance on *Cosgrove v. Blue Diamond Growers*, No. 19 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) and *Cruz v. D.F. Stauffer Biscuit Co.*, No. 20-CV-2402 (PGG) (JLC), 2021 WL 5119395 (S.D.N.Y. Nov. 4, 2021) is flawed. Mot. at 8-9. In *Cosgrove*, plaintiffs relied on a single presentation (the word vanilla) and alleged that the product's natural vanilla flavor only had trace amounts of vanilla. *Cosgrove*, 2020 WL 7211218, at *3-5. Similarly, in *Cruz*, plaintiff alleged that reasonable consumers were led to believe that the product's lemon flavor "'comes predominantly, if not exclusively, from lemons.'" *Cruz*, 2021 WL 5119395, at *1. This case is not about the Product's Natural Flavors, but about the fact that the Product contains no cinnamon.

1  flavor,' not the presence of actual fruit.").

2  　　　In any event, even if Defendant contends that the Cinnamon Representations
3  only convey the flavor or taste of the Product, rather than an ingredient, it is also very
4  reasonable for consumers to believe that the Product's flavor is imparted by actual
5  cinnamon in the Product. *See Fitzhenry-Russell,* 2017 WL 4680073, at *4
6  ("Furthermore, even if the chemical compound used to flavor the Product has trace
7  amounts of ginger in it, the statement 'Made With Real Ginger' is actionable because
8  Plaintiff has alleged that the statement is likely to deceive reasonable consumers into
9  believing that the Product ***is flavored with and contains real ginger***.") (emphasis
10 added); *see also Cooper*, 2021 WL 3501203, at *6 ("Defendant suggests an alternative
11 interpretation of the Products' labeling. '[R]easonable consumers,' it argues,
12 'understand that the references to margaritas, mojitos[,] and the like are 'merely a
13 flavor designator, not an ingredient claim.' Of course, Defendant will have an
14 opportunity to test that hypothesis in discovery. But at the motion-to-dismiss stage,
15 '[w]here a representation is capable of two possible reasonable interpretations,' the
16 Court is not free to reject 'the misleading one ... simply because there is an alternative,
17 non-misleading interpretation.'") (internal citations omitted). As held by the Ninth
18 Circuit, when "there are two alternative explanations ... plaintiff's complaint survives
19 a motion to dismiss ... [unless] defendant's plausible alternative explanation is so
20 convincing that plaintiff's explanation is implausible." *Starr v. Baca*, 652 F.3d 1202,
21 1216 (9th Cir. 2011).

22 　　　Thus, it is very plausible that reasonable consumers understand the Cinnamon
23 Representations to mean that the Product contains cinnamon, and Plaintiff should be
24 allowed to proceed with her claims.

25 　　　**D.   Plaintiff Has Adequately Alleged Her Warranty Claims Based on The
26 　　　　　Product's Cinnamon Representations**

27 　　　Defendant contends in cursory manner that Plaintiff has failed to adequately
28 allege her claims for breach of express and implied warranty because they are based on

the same allegations that Plaintiff relies on to assert that the Product's front label is false and misleading. Mot. at 10. Thus, Defendant contends that because Plaintiff has failed to allege that the Product's front-label is false and misleading, Plaintiff has also failed to allege her warranty claims. *Id*.

As discussed above, Plaintiff has plausibly alleged that the Cinnamon representations lead reasonable consumers to believe that the Product contains cinnamon, and thus, has also adequately alleged her breach of express and implied warranty claims.

**E.     Plaintiff Has Adequately Alleged Her Claims for Equitable Relief**

Defendant contends that Plaintiff cannot pursue claims for restitution and injunctive relief because she has failed to plead any facts establishing her legal remedies are inadequate. Mot. at 11.

First, Defendant's argument is premature. At the pleading stage, Plaintiff is permitted under the Federal Rules to plead her claims for equitable relief in the alternative, in the event that these proceedings later reveal that her legal remedies are inadequate. *See* Fed. R. Civ. P. 8(d)(2). In opposition to this, Defendant cites to *Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-PLA, 2021 WL 2024860 (C.D. Cal. May 17, 2021). Mot. at 12. Admittedly, while some courts have found that plaintiff cannot seek equitable remedies in the alternative, this Court should reconsider this approach and join the growing number of other district courts which have found, **post-*Sonner***, that "barring claims for equitable relief at the pleading stage is inconsistent with the federal rules that permit pleading in the alternative." *Adams v. Cole Haan, LLC*, No. 8:20-CV-00913-JWH-DFMx, 2021 WL 4907248, at *4 (C.D. Cal. Mar. 1, 2021) (holding that *Sonner* does not supersede the Federal Rules' permission to plead in the alternative, and declining to dismiss equitable restitution claims brought under California consumer protection statutes as duplicative of plaintiff's claims seeking damages at law); *see also Edleson v. Travel Insured Int'll, Inc.*, No. 21-CV-323-WQH-

AGS, 2021 WL 4334075, at *6 (S.D. Cal. Sept. 23, 2021) ("[N]o controlling authority[, including *Sonner*,] prevents a plaintiff from asserting alternative legal remedies at the pleading stage [...] In addition, discovery may reveal that claims providing legal remedies are inadequate."). Here too, Plaintiff has a right to plead her claims for equitable relief in the alternative under the Federal Rules.

At the very least, as to Plaintiff's request for injunctive relief specifically, she has clearly alleged facts demonstrating that an award for damages would not be an adequate remedy for future harm.[3] Specifically, Plaintiff alleges that she would purchase the Product in the future if it did in fact contain cinnamon. Compl. ¶ 11. However, because she lacks personal knowledge as to Defendant's specific business practices, she cannot be certain that the Product will conform to its front-label representations (i.e., that Defendant has rectified it deceptive and false advertising). *Id*. This uncertainty, coupled with her desire to purchase the Product, and the fact that she regularly visits stores which sell the Product, is an ongoing injury that can only be rectified through injunctive relief. *Id*. Based on nearly the same allegations, several courts have found injunctive relief necessary to address the risk of future harm to plaintiff and consumers. *See Ashton v. J.M. Smucker Co.*, No. EDCV 20-992 JGB (SHKx), 2020 WL 8575140, at *7 (C.D. Cal. Dec. 16, 2020) (denying motion to dismiss claim for injunctive relief where plaintiffs adequately alleged their susceptibility to future harm based on their desire to purchase the products again); *see also Zeiger v. WellPet LLC*, No. 3:17-cv-04056- WHO, 2021 WL 756109, at *21 (N.D. Cal. Feb. 26, 2021) ("[Plaintiff] has shown that monetary damages for past harm are an inadequate remedy for the future harm that an injunction under California consumer

---

[3] Defendant states that Plaintiff alleges that had she known the products contained no cinnamon, she "either would not have purchased the Product or would have only been willing to pay less for it." Defendant seems to contend that this allegation pertains to Plaintiff's injunctive relief. Mot. at 12. It does not. As discussed in § E, Plaintiff is seeking injunctive relief for future harm, not monetary compensation for past purchases.

-10-
PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

protection law is aimed at. [Plaintiff's] remedy at law, damages, is retrospective. An injunction is prospective. Damages would compensate [Plaintiff] for his past purchases. An injunction would ensure that he (and other consumers) can rely on [defendant's] representations in the future."); *Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS-JDE, 2021 WL 819159, at *8 (C.D. Cal. Feb. 10, 2021) (denying motion to dismiss claim for injunctive relief where plaintiff adequately alleged future harm). It is clear that Plaintiff has adequately alleged that she will suffer irreparable harm in the future that money damages cannot cure. Thus, the litany of cases cited by Defendant, including *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842-44 (9th Cir. 2020), are inapposite to Plaintiff's claim for injunctive relief.

### F. Plaintiff's Implied Warranty Claims Survives

Defendant asserts that Plaintiff's claim for implied warranty fails because there is no privity between Plaintiff and Defendant. Mot. at 13.

Not so. Courts in this District recognize the foodstuffs exemption to the privity requirement, which has been applied regularly in consumer food labeling class actions. *See Ashton*, 2020 WL 8575140, at *12 ("[B]ecause the Products are foodstuffs meant for human consumption, Plaintiffs are further exempt from the privity requirement."); *Cabrera v. Bayer Healthcare, LLC*, No. LA CV17-08525 JAK (JPRx), 2019 WL 1146828, at *11 (C.D. Cal. Mar. 6, 2019) ("Privity is not required when the claim relates to food or other substances intended for consumption by consumers.") (citing *Mexicali Rose v. Superior Ct.*, 1 Cal. 4th 617, 620 (1992)); *Zakaria v. Gerber Prod. Co.*, No. LA CV15-00200 JAK EX, 2015 WL 3827654, at *11 (C.D. Cal. June 18, 2015) ("Nor is privity of contract required in implied warranty claims related to substances intended for human consumption.").

In response, Defendant argues that the foodstuffs exemption does not apply because Plaintiff has not alleged that the Product is unfit for human consumption. Mot. at 14. But this is not a requirement under the foodstuffs exemption, and Defendant cites

-11-
PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

to no court that has required such an allegation in applying the foodstuffs exemption. *See Id*. 14-15. This is because the only requirement under the foodstuffs exemption is that the product be ***intended for*** human consumption. *See Ashton*, 2020 WL 8575140, at *12 ("Moreover, because the Products are foodstuffs meant for human consumption, Plaintiffs are further exempt from the privity requirement."); *Cabrera*, 2019 WL 1146828, at *11 ("Privity is not required when the claim relates to food or other substances intended for consumption by consumers.") (citing *Mexicali Rose v. Superior Ct.*, 1 Cal. 4th 617, 620 (1992)). Indeed, a similar argument was raised by defendant in *Zakaria*, and there, the court had no problem applying the foodstuffs exemption:

> Defendant argues that this claim fails because "there are no allegations that [the product] was defective or **unfit for its intended purpose** as an infant formula." It also contends that "privity of contract is required when asserting a breach of an implied warranty."
>
> Plaintiff's breach of implied warranty claim is based on alleged affirmative representations made by Defendant on the labeling of the formula. Thus, the claim is not based on an alleged failure by Defendant to conform to the intended purpose of infant formula in general. Therefore, the claim is one that is appropriate under Cal. Commercial Code § 2314(2)(f), which modifies the common law definition of merchantability. Nor is privity of contract required in implied warranty claims related to substances intended for human consumption.

*Zakaria*, 2015 WL 3827654, at *11 (C.D. Cal. June 18, 2015) (internal citations omitted) (emphasis added).

Still, Defendant contends that the reason for a foodstuffs exception to privity is that "the so-called breach of warranty of fitness of food is really a tort, for which a species of strict liability is imposed." Mot. at 15 (citing *Curry v. Fred Olsen Line*, 367 F.2d 921, 927 n.27 (9h Cir. 1966). This simply is not the case, as several courts have recognized that the foodstuffs exemption does not apply to only tort/physical injury

cases, but also to cases involving purely economic harm. *Bland v. Sequel Nat. Ltd.*, No. 18-cv-04767-RS, 2019 WL 4674337, at *3 (N.D. Cal. Aug. 2, 2019) ("Defendant contends there must be a physical injury for the foodstuffs exception to apply. Several courts have found, however, that the foodstuffs exception applies to purely economic harms.") (citing *Benavides v. Kellogg Co.*, No. CV 10-2294-JST (PJWx), 2011 WL 13269720, at *7 (C.D. Cal. Mar. 21, 2011) (declining to adopt a "narrow view" of the foodstuffs exception requiring physical injury)); *see also Corbett v. PharmaCare U.S., Inc.*, No. 21CV137-GPC(AGS), 2021 WL 4866124, at *16 (S.D. Cal. Oct. 19, 2021) ("The Court is not persuaded . . . that the foodstuff exception for breach of implied warranty should be limited to physical harm . . . ."). Thus, there is no requirement for Plaintiff to allege that the Product is unfit for human consumption, or for her claims to be tort in nature.

Accordingly, Plaintiff's implied warranty claim is exempt from the privity requirement, and she should be allowed to proceed with the claim.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

Dated: February 15, 2022

**FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*
     Benjamin Heikali

**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
Email: *bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email: *rglezakos@faruqilaw.com*
Joshua Nassir (SBN 318344)
Email: *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

-13-
PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Attorneys for Plaintiff Melissa Majak*

-14-
PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT