AMIN TALATI WASSERMAN, LLP
Matthew R. Orr, Bar No. 211097
William P. Cole, Bar No. 186772
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
matt@amintalati.com
william@amintalati.com

Attorneys for Defendant Catalina Snacks, Inc.,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MAJAK, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CATALINA SNACKS INC.,<br><br>  Defendant. | Case No.:  2:21-cv-9445-SB-MAR<br><br>**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: March 18, 2022<br>Time: 8:30 a.m.<br>Place: Courtroom 6C |

## I. INTRODUCTION

Plaintiff's Opposition confirms Plaintiff has failed to plausibly allege an actionable misrepresentation. As such, her UCL, CLRA, FAL, and warranty claims must be dismissed. Furthermore, Plaintiff's allegations concerning her conditional willingness to *consider* buying the Product in the future only if it contains cinnamon do not satisfy the imminent injury requirement for standing to seek injunctive relief. Finally, Plaintiff has failed to allege an actionable implied warranty claim, which must be dismissed.

## II. ARGUMENT

### A. Plaintiff Does Not Plausibly Allege Deception.

Plaintiff's Opposition is premised on the same two flaws that permeate the entirety of her Complaint. First, that Defendant's Product makes a "cinnamon" ingredient claim rather than a "cinnamon toast" flavor claim. And second, that the Product does not contain cinnamon. Because these two premises are false, Plaintiff's claims lack plausibility and must be dismissed.

#### 1. The Complaint Conflates a "Cinnamon" Ingredient Claim with the Product's Actual, "Cinnamon Toast" Label Statement.

Plaintiff fails to plausibly allege that reasonable consumers who buy a breakfast cereal labeled "Cinnamon Toast" would believe "Cinnamon Toast" refers to the isolated *ingredient* cinnamon, as opposed to the *flavor* of cinnamon toast. Even a brief look at Defendant's other cereal products (e.g., Fruity, Maple Waffle, Chocolate Banana, and Dark Chocolate) belie any such interpretation. Consumers are not looking for pieces of cinnamon toast, maple waffles, chocolate bananas, or "fruity" (whatever that may be) in their cereal boxes. Rather, the message communicated by the label and understood by the reasonable consumer

- 1 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

is that the package contains a breakfast cereal with cinnamon-toast, maple-waffle, chocolate-banana, or fruity flavors, respectively. Plaintiff's Complaint expressly recognizes this. (*See* Doc. 1, ¶28 (quoting language from Defendant's website, which expressly identifies "Cinnamon Toast" as one of several "<u>Flavors</u>" of Defendant's cereal line).).

Plaintiff's reliance on *Cooper v. Anheuser-Busch, LLC*, No. 20-CV-7451 (KMK), 2021 WL 3501203 (S.D.N.Y. Aug. 9, 2021) is misplaced. *Cooper* was a New York case in which the plaintiffs alleged the defendant's Mohito, Sangria, and Margarita drinks failed to contain rum, wine, and tequila, respectively. In denying defendant's motion to dismiss, the Court concluded, "the Plaintiffs' claims do not 'border on the fantasy'" because, "reasonable consumers might be misled into thinking that the Products were canned cocktails, instead of 'Flavored Malt Beverage[s].'" *Id.* at *6. In fact, *Cooper* expressly rejected any analogy to the vanilla flavor/ingredient cases that are rife in New York, calling the analogy, "a warped reading of Plaintiffs' claim." *Id.* at *9. The Court explained, "Plaintiffs are not making a claim about the source of the beverage's alcoholic content or 'margarita' flavor. Fairly construed, their claim is that the beverage purports to be something—a 'margarita'—which it is not." *Id.* at *9. Here, Plaintiff is not claiming Defendant's cereal is not cereal, rather, she is arguing that reasonable consumers would implausibly believe a cereal that states "Cinnamon Toast" really means, "Made with Cinnamon." *Cooper* is far afield.[1]

---

[1] *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM AJWX, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011), is misplaced for the same reason. *Henderson* was premised on an allegation that Guacamole-labeled products were not actually guacamole because they did not contain avocadoes. Like Cooper, Henderson alleged the products were something – guacamole – that they were not.

- 2 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Saidian v. Krispy Kreme Doughnut Corp.*, No. 216CV08338SVWAFMX, 2017 WL 945083 (C.D. Cal. Feb. 27, 2017), is equally unavailing. In *Saidan*, the products at issue were doughnuts sold in cases at the defendant's stores with names such as "Chocolate Iced Raspberry Filled doughnut." *Id.* at *1. No other information was available for consumers purchasing the doughnuts, as they did not have packaging or ingredient labels. Because *Saidan* involved an express representation that the doughnuts contained or were filled with a certain ingredients, the case was able to proceed past the pleading stage. Here, however, there is no analogous representation. Defendant's cereal label does not claim to be "cinnamon infused" or "made with cinnamon." Instead, the label simply identifies the product as "Cinnamon Toast KETO Friendly Cereal."

### 2. The Complaint Contains No Well-Pled Allegations that the Product Contains No Cinnamon.

Plaintiff's case also rests on the false premise that the Product does not contain cinnamon. This premise is based on Plaintiff's conclusory allegation that cinnamon "Natural Flavors" (i.e., extracts) do not qualify as, or contain, cinnamon. However, the Complaint contains no well-pled factual allegations plausibly establishing that premise. Plaintiff has simply failed to plausibly allege the Product does not contain cinnamon.

Plaintiff's reliance on *Fitzhenry-Russell v. Coca-Cola Co.*, No. 5:17-CV-00603-EJD, 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017), is both unavailing and misleading. It is unavailing because *Fitzhenry* involved an affirmative allegation that the beverage at issue was, 'Made With Real Ginger.' *Id.* at *1. Defendant makes no similar claim on its label. The Product labeling does not state: "Made with Real Cinnamon Toast" or even "Made with Real Cinnamon." *Fitzhenry* is inapposite on that basis alone.

- 3 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's characterization of *Fitzhenry* is also misleading. The *Fitzhenry* quotation recited in the Opposition was not the *Fitzhenry* court's "apt" **_observation_** in any meaningful sense. (Doc. 25, pp. 10-11.). Instead, Fitzhenry was referencing the plaintiff's own **_allegation_**. *Id.* at *3. What is more, it is an allegation entirely lacking from Plaintiff's Complaint in this case. As such, *Fitzhenry* provides no support for Plaintiff's argument.

Finally, *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 681–82 (S.D.N.Y. 2021), actually supports dismissal of Plaintiff's Complaint. In the context of a 'vanilla' case asserting claims nearly identical to the ones at bar, the *Budhani* Court concluded:

> The conclusion that a reasonable consumer could understand from the label that the Product contains some non-negligible non-trace amount of vanilla bean extract, moreover, does not end the analysis. Plaintiff must also plead that the understanding the Product conveys is false or misleading, i.e., that the Product does not contain vanilla bean extract. A plaintiff cannot simply obtain discovery into a product's ingredients by making the conclusory assertion that the defendant is falsely representing those ingredients. The Complaint is deficient in this regard.

*Compare Robie v. Trader Joe's Company*, No. 20-cv-07355-JSW, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021) ("The conclusory allegations that the flavoring is artificial are insufficient to state a claim.").

Neither the Plaintiff's Complaint nor her Opposition identifies a good-faith factual basis for the bald assertion the Product does not contain cinnamon. Plaintiff cannot meet the *Iqbal/Twombly* standard by merely speculating or concluding there is no cinnamon in the Product. Plaintiff's CLRA, FAL and UCL claims fail to state a claim.

- 4 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### B. Plaintiff Fails to Plead Facts Establishing Her Legal Remedies are Inadequate.

Plaintiff does not dispute that her claims for restitution under California's UCL, FAL and CLRA are based on the same facts and allegations as her claims for legal damages. She also does not try to explain in any way why her legal remedies are inadequate. Instead, she contends she can plead her equitable claims for restitution "in the alternative." (Doc. 25, p. 14.).

Following *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842–44 (9th Cir. 2020), courts have repeatedly held that this issue is not whether a plaintiff can plead claims in the alternative, but whether the plaintiff has pled a valid claim for equitable relief in the first place. In *In re California Gasoline Spot Market Antitrust Litigation*, No. 20-cv-03131-JSC, 2021 WL 1176645, at *8 (N.D. Cal. Mar. 29, 2021), the court explained:

> Plaintiffs' citation to a pre-*Sonner* case for the proposition that they are permitted to plead alternative claims for relief is unavailing. Several courts have rejected this same argument. *See, e.g., Anderson v. Apple, Inc.*, No. 3:20-CV-02328-WHO, 2020 WL 6710101, at *7 (N.D. Cal. Nov. 16, 2020) (rejecting reliance on pre-*Sonner* cases regarding pleading alternative remedies noting that *Sonner* appeared to have resolved the split of authority regarding "whether plaintiffs should be barred from pleading claims for equitable relief under the UCL and CLRA if they have alleged a claim that would provide an adequate remedy at law."); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *2 ("this is not an election of remedies issue. The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all. In other words, the question is whether Plaintiffs have adequately pled their claims for equitable relief, and the question is not premature on a motion to dismiss.").

Plaintiff has provided no basis, other than "alternative remedies," to support her claims for restitution. They must be dismissed.

- 5 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  As set forth in *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020), Plaintiff's failure to plead facts demonstrating the lack of an adequate legal remedy forecloses her claims not only for restitution, but also for injunctive relief (collecting cases applying *Sonner* to injunctive relief). Rule 8's plausibility requirement and the Ninth Circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) foreclose Plaintiff's claims for injunctive relief. *Davidson* emphasizes that a plaintiff's allegations must *plausibly* allege a real and immediate threat of repeated injury in the future. *Id.* at 969–970. Here, Plaintiff fails to do so.

Plaintiff's allegation that she would purchase the product in the future only "if it did in fact contain cinnamon" fails the plausibility standard. (*See* Doc. 1, ¶11.). The Supreme Court has made clear that a threatened injury must be "certainly impending," not merely "possible." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Here, Plaintiff's alleged willingness to purchase the Product in the future is ethereal. In fact, her allegation confirms she will not purchase the Product identified in the Complaint (e.g., a cereal allegedly without cinnamon) in the future. Plaintiff's desire and willingness to purchase the Product in the future is not predicated on a label change to remove or modify the cinnamon representations, but on Defendant effectuating a Product formulation change.

Plaintiff's reliance on *Ashton v. J.M. Smucker Co.*, No. EDCV20992JGBSHKX, 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020) and *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652 (N.D. Cal. 2021) are therefore misplaced. *Ashton* involved a claim that defendant misstated the number of servings in its coffee products. *Ashton*, 2020 WL 8575140, at *2. The plaintiff had a desire to continue purchasing the product but, unlike here, could not rely on the accuracy of the label's serving representations absent injunctive relief. *Id.* at *7. *Zeiger*

- 6 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1 involved pet food alleged to contain harmful heavy metals and other contaminants. *Zeiger*, 526 F. Supp. 3d at 663. In discussing the need for injunctive relief, the court reasoned, "Zeiger cannot know whether WellPet has begun to remove lead or arsenic absent an injunction requiring warnings if it did not and so plausibly argues that he cannot trust its packaging absent an injunction." *Id.* at 668. Here, Plaintiff has made clear she does not intend to purchase the Product in the future even if the label is modified to conform to the allegations of her Complaint. Unlike *Zeiger* and *Ashton*, the issue is not what is in the Product, but what is alleged to be missing. Plaintiff has made clear she does not intend to purchase the Product identified in the Complaint even if she obtains an injunction requiring Defendant to conform the Product labeling to the allegations of her Complaint.

Plaintiff's claims for injunctive relief must be dismissed.

### C. Plaintiff's Warranty Claims Fail for the Same Reasons as her CLRA, UCL, and FAL Claims.

Plaintiff's breach of express warranty and breach of implied warranty claims are based on the same Product label and the same implausible theory of misrepresentation. For the reasons already explained, Plaintiff fails to plausibly allege a misrepresentation. Therefore, the warranty causes of action also fail to state a claim.

### D. The Breach of Implied Warranty Claim Fails on Other Grounds.

As set forth in Defendant's moving papers, California law requires the plaintiff to be in vertical privity with the defendant for breach of an implied warranty *Angiano v. Anheuser-Busch Inbev Worldwide, Inc.*, 532 F. Supp. 3d 911, 920 (C.D. Cal. 2021). And failure to plead that a product is unfit for human consumption rules out the "foodstuffs" exception to the privity requirement, mentioned briefly in *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th

- 7 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1 Cir. 2008).

2 There is great division among district courts as to proper application of the implied warranty to foodstuffs. *See Corbett v. PharmaCare U.S., Inc.*, No. 21CV137-GPC (AGS), 2021 WL 4866124, 29–30 (S.D. Cal. Oct. 19, 2021), (recognizing division and compiling cases). All of the cases, however, purport to rely on the California Supreme Court Opinions of *Klein v. Duchess Sandwich Co.*, 93 P.2d 799 (Cal. 1939) and *Mexicali Rose v. Superior Ct.*, 822 P.2d 1292 (Cal. 1992). Indeed, each of the cases cited by Plaintiff in Opposition rests on a misapplication of *Klein*, *Mexicali Rose*, and their progeny. Given the divisions, this Court's job is to rigorously assess, analyze, and apply binding Supreme Court precedent; namely, *Klein* and *Mexicali Rose*.

*Klein* was one of the first Supreme Court cases to apply the implied warranty to a foodstuff beyond a direct buyer-seller transaction. In *Klein*, the plaintiff's husband purchased a sandwich infested with maggots. *Klein*, 93 P.2d at 800. The sandwich had been prepared by the defendant manufacturer and distributed to a restaurant for sale. *Id.* The plaintiff ate the sandwich and became ill. *Id. Klein* held that the implied warranty of fitness should apply to a "manufacturer" of foodstuffs, notwithstanding the fact that a retailer may have sold the goods to the consumer. *Id.* at 805. In expounding on its holding, the *Klein* court explained, "the warranty extended to every consumer is that the food is fit for the purpose for which it was intended, namely, for human consumption." *Id.* at 805.

Thirty years later, citing *Klein* among other cases, the Supreme Court in *Mexicali Rose* conducted an in depth review and analysis of California implied warranty case law as applied to foodstuffs. In doing so, the Court concluded, "the acceptance of an implied warranty rule against manufacturers in cases involving unfit foodstuffs was based on the rationale that a manufacturer that sold food

- 8 -
**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

items could no longer hide behind the shield of privity to absolve itself of liability." *Mexicali Rose*, 822 P.2d at 1295 (emphasis added).

Neither *Klein* nor *Mexicali Rose* supports Plaintiff's contention that the implied warranty extends to foodstuffs that are fit for human consumption. Far from expressly or implicitly supporting such rule, both cases expressly reject it. Plaintiff's cases cited in Opposition all purport to rely on the holdings in *Klein* and *Mexicali Rose* and are, thus, inapposite. As set forth in Defendant's moving papers, the better-reasoned approach on this issue is set forth by Justice Mosk in *Mexicali Rose*. Because Plaintiff does not allege privity with Defendant and her allegations make clear the Defendant's Products are "fit for the purpose for which [they are] intended, namely, for human consumption," her implied warranty claims must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.

Dated:  February 28, 2022              AMIN TALATI WASSERMAN, LLP
                                       Matthew R. Orr
                                       William P. Cole


                                       /s/ *William P. Cole*
                                       William P. Cole
                                       Attorneys for Defendant Catalina Snacks, Inc.

**REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# CERTIFICATE OF SERVICE

(United States District Court)

I hereby certify that on the 28th day of February, 2022, I caused the electronic filing of the foregoing document described as **REPLY IN SUPPORT OF DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT,** through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, if any.
.

/s/ *William P. Cole*
William P. Cole

|   |   |   |
|---|---|---|
| 1 | **SERVICE LIST** | |
| 2 | **FARUQI & FARUQI, LLP** | Attorneys for |
| 3 | Benjamin Heikali (State Bar No. 307466) | |
|   | Email: *bheikali@faruqilaw.com* | Plaintiff Melissa Majak |
| 4 | Ruhandy Glezakos (SBN 307473) | |
| 5 | Email: *rglezakos@faruqilaw.com* | |
|   | Joshua Nassir (State Bar No. 318344) | |
| 6 | Email: *jnassir@faruqilaw.com* | |
| 7 | 10866 Wilshire Boulevard, Suite 1470 | |
|   | Los Angeles, California 90024 | |
| 8 | Telephone: (424) 256-2884 | |
| 9 | Facsimile: (424) 256-2885 | |